# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60768
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

POLYANE SOARES-DE OLIVEIRA DOS SANTOS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Cons. w/No. 15-60770

RHYNARA LUIZA DUARTE,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A200 022 852
BIA No. A202 004 494

No. 15-60768
c/w No. 15-60770

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

In this consolidated action, Polyane Soares-De Oliveria Dos Santos and her minor child, Rhynara Luiza Duarte, natives and citizens of Brazil, seek review of the orders of the Board of Immigration Appeals (BIA) dismissing their appeals of an immigration judge's (IJ) orders of removal and decisions denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The petitioners also seek review of the BIA's decision denying their motion to reopen.

We note that Dos Santos was ordered removed under 8 U.S.C. § 1231(a)(5), pursuant to a reinstated order of removal. As such, she was deemed ineligible to apply for asylum, a determination that she unsuccessfully challenged before the BIA. Her argument before this court challenging her eligibility to apply for asylum is likewise unavailing. A panel of this court has held that § 1231(a)(5) bars aliens who, like Dos Santos, illegally reentered the United States after removal and whose removal orders are reinstated from applying for asylum. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489-90 (5th Cir. 2015). Although Dos Santos argues that *Ramirez-Mejia* was wrongly decided, one panel of this court may not overrule the decision of another panel absent an intervening change in the law by way of statute or an unequivocal decision by this court sitting in banc or the Supreme Court. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Because the 2006 order of removal against Dos Santos was reinstated pursuant to § 1231(a)(5), the BIA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not err in determining that Dos Santos was barred from applying for asylum.  *See Ramirez-Mejia*, 794 F.3d at 489-90.

Nevertheless, Dos Santos was placed in "withholding only" proceedings. "To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion."  *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006).  A clear probability of persecution means that it is "more likely than not" that her life or freedom would be threatened by persecution on account of one of the five categories. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

The record does not compel the conclusion that Dos Santos's proposed group, "women who are [or have been] treated by their employers as property to be used, including sexually abused, as those employers desire," is "sufficiently distinct" that it would be recognized in Brazilian society "as a discrete class of persons."  *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016) (internal quotation marks and citation omitted).  Further, substantial evidence supports the BIA's determination that Dos Santos's employer threatened Dos Santos because she reported his criminal activities to the local police.  Thus, the record does not compel the conclusion that Dos Santos would be persecuted on account of her membership in a particular social group.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

She also asserts that she was persecuted and feared being persecuted by her former employer "because of her feminist political opinion, her opinion concerning the importance of protecting the environment, and her anti-corruption opinion."  However, because Dos Santos never argued before the BIA that any persecution was on account of "her feminist political opinion" or

her opinion regarding "the importance of protecting the environment," and because the arguments she raised in the BIA cannot reasonably be tied to the arguments she now makes, these issues are unexhausted. *See Omari v. Holder*, 562 F.3d 314, 321-22 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1). We therefore lack jurisdiction over the petition insofar as Dos Santos asserts that she is entitled to withholding of removal based on her feminist opinion and her opinion supporting environmental protection. *See Wang*, 260 F.3d at 452-53; § 1252(d)(1).

As for whether any persecution was or would be on account of Dos Santos's complaint regarding her employers' illegal logging, the BIA concluded that there was no evidence that, in making a complaint to police, Dos Santos "was making a general political statement" and that it was "insufficient for the alien to merely demonstrate retaliatory harm, even if it is some way linked to the political system." Dos Santos has not shown that the record compels a contrary conclusion.

The record does not compel the conclusion that Duarte was eligible for asylum or entitled to withholding of removal based on her membership in the social group defined as "her mother's family." Likewise, the record does not compel the conclusion that "it is more likely than not" that the petitioners would be tortured if they returned to Brazil, given that there was no substantial evidence that any pain or suffering was or would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005) (internal quotation marks and citation omitted); *see also* 8 C.F.R. § 1208.16(c)(2). Because the record does not reflect that any public official had any knowledge of the pain and suffering caused by Dos Santos's

former employer, the record does compel a finding of acquiescence. *See* 8 C.F.R. § 1208.18(a)(7). The fact that the local police refused to investigate Dos Santos's illegal logging complaint does not establish that police would acquiesce to any activity constituting torture. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002).

Finally, although we have jurisdiction to review decisions refusing to reopen or reconsider final orders of removal, *see Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015), the moving party must satisfy a heavy burden, *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). Notwithstanding the evidence that two individuals related to the petitioners were murdered in the petitioners' home state of Minas Gerais, Brazil, during the pendency of the proceedings, we do not find that the BIA's decision to deny the motion to reopen was "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

Accordingly, the petition for review of the order denying the motion to reopen is DENIED. Duarte's petition for review of the order denying her application for asylum, withholding of removal and relief under the CAT is DENIED; and Dos Santos's petition for review of the order denying her application for withholding of removal and relief under the CAT is DENIED IN PART and DISMISSED IN PART.