# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60680
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2017

Lyle W. Cayce
Clerk

YANJUN XIN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 196 965

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Yanjun Xin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (BIA), which upheld the decision of an immigration judge (IJ) denying Xin's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Xin argued that he would be targeted for ill-treatment if he returned to China because he sought to challenge his local

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government's decision to breach a lease agreement with Xin without providing him adequate compensation. He asserted that when he attempted to complain to government officials, the police arrested him, beat him, and held him for four days. We review only the BIA's decision unless the IJ's reasoning influenced the BIA. *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 785 (5th Cir. 2016).

To support his claims for asylum and withholding of removal, Xin was required to show that he suffered persecution or has a well-founded fear of future persecution in China on the basis of his membership in a particular social group. *See* 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1)(B)(i); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). The BIA understood Xin's application as seeking relief on the basis that he belonged to two groups: first, Chinese who have been forcefully evicted from their property or had their property confiscated and, second, Chinese landholders who attempt to obtain redress from the government. Xin does not dispute this characterization. The first proposed social group—those who have been evicted from their property or who have had their property confiscated—is not a protected group because it is defined by the fact that its members were targeted for ill-treatment, specifically, the seizure of property they possessed. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). As for landholders who attempt to seek redress from the government, Xin pointed to no evidence that they share a characteristic such that they are perceived as members of a social group or that they are recognized as a discrete class by society in China. *See Hernandez-De La Cruz*, 819 F.3d at 786-87.

To the extent that Xin seeks to argue that he is entitled to relief on the basis that he is a member of the rural class in the hukou system, he has not challenged the BIA's determination that the issue was not properly preserved

No. 16-60680

because he did not raise it before the IJ. *See Eduard v. Ashcroft*, 379 F.3d 182, 195 & n.14 (5th Cir. 2004). Xin thus has not exhausted his administrative remedies, and this court lacks jurisdiction to consider the issue. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Accordingly, Xin has not shown that the BIA's decision to deny asylum and withholding of removal was not supported by substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Moreover, substantial evidence supports the BIA's decision to deny Xin's claim for CAT relief. *See id.* Xin suffered a single beating while incarcerated for four days, but this does not rise to the level of extreme cruel, inhuman, or degrading treatment and it does not compel a conclusion that it is more likely than not that Xin will be tortured upon return to China. *See* 8 C.F.R. § 208.18(a)(2); *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). Moreover, though Xin points to reports that some criminal detainees in China suffer torture in certain circumstances and contends that those who have returned to China after illegally emigrating face stiff penalties, the evidence does not compel the conclusion that it is more likely than not that he will be tortured. *See Iruegas-Valdez*, 846 F.3d at 810; *Ramirez-Mejia*, 794 F.3d at 493.

The petition for review is DENIED in part and DISMISSED in part.