# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2019

Lyle W. Cayce
Clerk

LILIANA CAROLINA MERCADO-VENTURA; LEANDRO SEBASTIAN
VANEGAS-MERCADO,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A206 798 110
A206 798 111

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Liliana Carolina Mercado-Ventura and her minor son, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA) denying their challenge to an Immigration Judge's (IJ) denial of their applications for asylum and withholding of removal. Petitioners contend: their testimony before the IJ sufficiently raised a familial-based particular social

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

group (in addition to the particular social group the IJ considered); and the BIA abused its discretion, and denied them a full and fair hearing, by failing to remand the case for the IJ to further consider this additional particular social group.

To the extent the BIA relied upon the IJ's decision, we may review the decisions of both the BIA and the IJ. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002) (citation omitted). "We review factual findings of the BIA and IJ for substantial evidence, and questions of law *de novo* . . . ." *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007) (citation omitted). The determination an alien is ineligible for asylum or withholding of removal is a factual finding. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006) (citation omitted). Whether a proposed particular social group is cognizable for purposes of asylum and withholding of removal is a question of law. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016) (citation omitted).

To qualify for asylum, an alien must show that (1) she was persecuted or has a well-founded fear of persecution, (2) "by the government or forces that a government is unable or unwilling to control", (3) on account of a protected ground, including membership in a particular social group. *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citations omitted). "The standard for obtaining withholding of removal is even higher than the standard for asylum, requiring a showing that it is more likely than not that the alien's life or freedom would be threatened by persecution on one of those [protected] grounds." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (citation omitted).

An alien has the burden of proof and the duty of delineating the contours of the proposed particular social group before the IJ. *See Matter of W-Y-C- and*

No. 19-60022

*H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (citations omitted). In this case, counsel clearly delineated for the IJ the proposed social group as "Salvadoran women . . . who fear gangs and violence in their home country" and affirmed that particular social group when questioned by the IJ. Counsel's statement of the particular social group was clear and unequivocal; the IJ, therefore, was not obligated to seek further clarification. *See id.*

A different or narrower proposed social group presented on appeal to the BIA is not sufficiently raised before the IJ and need not be considered by the BIA. *Id.* at 191–92 (citations omitted). The BIA, therefore, did not err in finding counsel failed to raise the alternative group before the IJ and declining to consider it.

Additionally, we agree with the Government that petitioners abandoned any challenge to the BIA's denial of relief based on the particular social group presented to the IJ by failing to adequately brief the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam) (citation omitted). Petitioners, therefore, have not established eligibility for asylum and, therefore, cannot do so for the higher withholding-of-removal standard.

DENIED.