# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60782
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2017

Lyle W. Cayce
Clerk

DENNIS JIMENEZ-PADILLA, also known as Javier Antonio Monge,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 568 201

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.
PER CURIAM:[*]

Dennis Jimenez-Padilla, a native and citizen of Honduras, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial by the Immigration Judge (IJ) of his applications for withholding of removal and protection under the Convention Against Torture (CAT).

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2009).   We review questions of law de novo and factual findings for substantial evidence.  *Id.*  Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

To qualify for withholding of removal, an alien "must demonstrate a clear probability of persecution upon return."  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted).  "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of . . . membership in a particular social group."  *Id.*  In considering whether a particular social group exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society and (2) whether the group can be defined with sufficient particularity to delimit its membership."  *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (internal quotation marks, citation, and emphasis omitted).

Here, the substantial evidence in the record supports the BIA's determination that Jimenez-Padilla did not make the requisite showing.  We have consistently rejected proposed social groups similar to the one proposed in the instant case.  *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016).  Accordingly, Jimenez-Padilla has failed to demonstrate that the BIA erred by concluding that the proposed social group, "witnesses to a crime," did not satisfy either the social visibility/distinction or particularity requirement.  *See Orellana-Monson*, 685 F.3d at 519.

To obtain relief under the CAT, Jimenez-Padilla must show that it is "more likely than not" that he would be tortured if returned to his home country.  *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).  The

No. 16-60782

substantial evidence in the record does not show that it is more likely than not that the petitioner will be subject to torture or that he faces a clear probability of torture "by or at the instigation of or with the consent or acquiescence of" the Honduran government if he returns to Honduras.  8 C.F.R. § 1208.18(a)(1).

The petition for review of the BIA's decision is DENIED.