# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60724
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2020

Lyle W. Cayce
Clerk

DONALD GOMEZ-ALFARO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 520 080

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Donald Gomez-Alfaro, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an Immigration Judge's (IJ) denying his applications for withholding of removal and for relief under the Convention Against Torture (CAT). Gomez testified: in Nicaragua, he witnessed police officers murder his neighbor; two other police officers later beat him up and threatened to kill him and his family

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

if he ever told anyone about what he had witnessed; and he subsequently heard that police officers were nearby when he was visiting his mother's house.

Only the BIA's decision is reviewed, "unless the IJ's decision has some impact on the BIA's decision". *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (citation omitted). In that regard, factual findings are reviewed for substantial evidence; legal questions, *de novo*, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *Id.* at 517–18 (citations omitted). "Under the substantial[-]evidence standard, reversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Id.* at 518 (emphasis, internal quotation marks, and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary".). It is petitioner's burden to demonstrate that the evidence compels a contrary conclusion. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (citation omitted).

For withholding of removal, the alien must establish, *inter alia*, that his "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion". 8 C.F.R. § 1208.16(b). In this instance, both the IJ and the BIA held Gomez' proposed social group—witnesses to a crime committed by a Nicaraguan police officer—failed to qualify as a particular social group for purposes of withholding of removal because it lacked the requisite social visibility. *See Orellana-Monson*, 685 F.3d at 519 (citation omitted). The cases relied upon by the BIA support its holding. *See Jimenez-Padilla v. Sessions*, 701 F. App'x 404, 405 (5th Cir. 2017) (citation omitted); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016) (citations omitted). Gomez fails to distinguish these cases from his case and has not met his burden to

demonstrate that the evidence compels a contrary conclusion. *See Zhao*, 404 F.3d at 306.

Regarding CAT relief, a successful applicant must demonstrate, *inter alia*, that it is more likely than not that he will be tortured if he is removed to his home country. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citations omitted). Gomez contests various factual findings by the IJ that were adopted by the BIA, but he fails to cite any evidence compelling the requisite contrary conclusion. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228–29 (5th Cir. 2019) (citations omitted); *Chen v. Gonzales*, 470 F.3d 1131, 1140 (5th Cir. 2006). Moreover, the IJ's challenged finding that Gomez could avoid a likelihood of torture by relocating internally within Nicaragua was supported by Gomez' testimony. *See Martinez Manzanares*, 925 F.3d at 228 (citations omitted); 8 C.F.R. § 208.16(c)(3)(ii).

DENIED.