# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2020

Lyle W. Cayce
Clerk

No. 18-60875
Summary Calendar

CLAUDIA AVILA-REYES,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 364 663

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Claudia Avila-Reyes, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion to terminate removal proceedings and dismissing her appeal from an order of the immigration judge (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Regarding the motion to terminate, relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Avila-Reyes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the BIA's denial was error because her Notice to Appear (NTA) was defective in that it omitted the time and date for her initial hearing, thus depriving the immigration court of jurisdiction.

We rejected such a jurisdictional challenge in *Pierre-Paul v. Barr*, 930 F.3d 684, 689-91 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779). Just as in *Pierre-Paul*, Avila-Reyes's NTA was not defective for its failure to list a time or date of her hearing. *See id.* Also, any putative defect was cured by the subsequent inclusion of that information in the notices of hearings provided to her counsel. *See id.* at 690-91.

Pertaining only to her claim for asylum,[1] Avila-Reyes challenges the agency's determination that she did not establish past persecution, or a well-founded fear of future persecution, on account of a protected ground. She argues that circumstantial evidence links the killing of her son to an earlier telephone call demanding payment of $1,000, and she asserts that she was targeted because she did not comply with the extortion demand. Avila-Reyes contends that the phone call demanding money, taken together with the murder of her son, constitutes past persecution. She further contends that, because she reported the killing of her son to the police, she now has a well-founded fear of future persecution as a member of a particular social group, defined as "people that reported to the police crimes committed by gangs."

The agency's determination that "people that reported to the police crimes committed by gangs" does not constitute a legally cognizable particular social group was not erroneous. *See Hernandez-De La Cruz*, 819 F.3d 784, 786-87 (5th Cir. 2016). Because Avila-Reyes has failed to show that the evidence compels a conclusion that she suffered past persecution, or has a well-founded

---

[1] Avila-Reyes does not challenge the denial of her claim for withholding of removal. She has therefore abandoned that claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 18-60875

fear of future persecution, on account of a protected ground, the agency's denial of asylum must stand. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Finally, Avila-Reyes challenges the denial of relief under the CAT. A claim for protection under the CAT requires the alien to show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

In connection with her CAT claim, Avila-Reyes asserts that the killing of her son was an act of torture, and she points to information in the State Department's Country Report for Honduras showing that there is gang violence and official corruption associated with gangs in Honduras. Although Avila-Reyes has identified some evidence that "may weigh against" the agency's determination that she was not entitled to CAT protection, the evidence "do[es] not *compel* the opposite conclusion." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015). Accordingly, we will not disturb the denial of relief under the CAT.

The petition for review is DENIED.