# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2020

Lyle W. Cayce
Clerk

No. 18-60352
Summary Calendar

MELIDA ELISSA FLORES-GUARDADO, also known as Melida Elissa Flores Guardado,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 005 638

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Melida Elissa Flores-Guardado, a native and citizen of El Salvador, has petitioned for review of a decision by the Board of Immigration Appeals (BIA). The BIA dismissed her appeal and affirmed the decision of an immigration judge (IJ) ordering her removal and denying asylum, withholding of removal, relief under the Convention Against Torture (CAT), and humanitarian asylum.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60352

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Flores-Guardado contends that her notice to appear, which did not specify the date and time of the removal hearing, was an invalid charging document that did not vest the immigration court with jurisdiction. However, in the immigration proceedings, she did not attack the validity of her notice to appear or challenge the agency's jurisdiction. Because she failed to exhaust this argument, we lack jurisdiction to review it. *See Omari v. Holder*, 562 F.3d at 314, 320-21 (5th Cir. 2009).

Flores-Guardado also challenges the BIA's decision as to her request for asylum, withholding of removal, and CAT relief. She does not raise any claim as to the denial of humanitarian asylum and has abandoned any challenge to that decision. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Because the BIA approved of and considered the IJ's findings, the BIA's and IJ's decisions both are reviewable. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, Flores-Guardado must establish that the evidence compels a determination contrary to the BIA's decision. *Id.* at 537.

Flores-Guardado asserts that the BIA wrongly concluded that she failed to propose a cognizable particular social group for purposes of her requests for asylum and withholding of removal. She contends that she is entitled to relief based on her proposed group of "Salvadoran women abused as a result of an unescapable imputed relationship."

Substantial evidence supports the decision that Flores-Guardado did not show that she was a member of a cognizable particular social group. *See Wang*, 569 F.3d at 536-537. Seemingly, the group is improperly defined by the persecutory conduct aimed at its members. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-519 (5th Cir. 2012). In any event, the alleged group lacks social visibility and particularity. *See id.*

No. 18-60352

To the extent that Flores-Guardado argues that we should not apply the BIA's test for determining whether an alien has identified a cognizable particular social group and instead utilize the test employed by the Third and Seventh Circuits, her claim is unavailing.  We have accepted the BIA's test, *see Hernandez-De La Cruz* v. *Lynch*, 819 F.3d 784, 786-87 & n.1 (5th Cir. 2016); *Orellana-Monson*, 685 F.3d at 519, 521, and will follow our precedent absent en banc reconsideration or a superseding contrary decision by the Supreme Court, *see Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016).  Her assertion that the BIA's definition of particular social group is unconstitutionally vague under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), lacks merit because she fails to explain how *Dimaya* is apposite.  Thus, the record does not compel a conclusion contrary to that of the BIA as to whether she was entitled to asylum or withholding of removal.  *See Wang*, 569 F.3d at 537.

Flores-Guardado also contends that the BIA erroneously found that she was ineligible for relief under CAT.  She asserts that she was raped and abused by a man in her former village and that this conduct, which qualifies as torture, likely would recur because government authorities in El Salvador generally do not act to address violence against women.

She has failed to show that the evidence compels a finding that she more likely than not will be tortured in El Salvador.  *See id.*; *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).  She has not shown that the man who targeted her—who was in jail when she left—would inflict further harm.  Further, there is no evidence that any torture would be inflicted with the acquiescence of the Salvadoran government.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354-55 (5th Cir. 2002).

Thus, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.

3