# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-60311
Summary Calendar

Melvin Naun Guevara-Enriquez,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 567 630

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Melvin Naun Guevara-Enriquez, a native and citizen of Guatemala, seeks review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by an Immigration Judge (IJ) of his application for asylum and withholding of removal. He challenges the BIA's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

determination that he did not establish past persecution or a well-founded fear of future persecution based on a protected ground with respect to his claims for asylum and withholding of removal. Although the IJ also denied relief under the Convention Against Torture, Guevara-Enriquez did not appeal that to the BIA, nor does he raise it here.

As an initial matter, Guevara-Enriquez did not properly exhaust his contentions that the BIA did not review his claims with the appropriate level of rigor and scrutiny and failed to consider all the evidence and applicable caselaw. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). Therefore, we lack jurisdiction to consider them. *See id.* at 320-21.

With respect to the substance of his asylum and withholding claims, we review the BIA's factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). We "may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Guevara-Enriquez argues that he established past persecution and a well-founded fear of future persecution based on his membership in two particular social groups: "young Guatemalan men perceived by the M-18 gang to be" police informants and "former acquaintances of the M-18 gang perceived to be police informants." We find no error in the conclusion that Guevara-Enriquez failed to establish persecution based on membership in a particular social group. *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016); *Orellana-Monson v. Holder*, 685 F.3d 511, 518, 522 (5th Cir. 2012). Apart from the particular social group issue, the threats and harassment Guevara-Enriquez suffered do not rise to the level of persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Thus, he has not shown that the record compels the conclusion that he is entitled to asylum or, it follows, withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

No. 19-60311

IT IS ORDERED THAT the petition for review is DENIED in part and DISMISSED in part for failure to exhaust administrative remedies.