# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2021

Lyle W. Cayce
Clerk

No. 19-60853
Summary Calendar

Floresmilda Transita Miranda Fuentes, *also known as* Ester Martinez Soto, *also known as* Martha Giron Lara,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 566 670

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Floresmilda Transita Miranda Fuentes has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the decision of the immigration judge (IJ) denying her

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Miranda Fuentes contends that she has been persecuted and has a reasonable fear of persecution on account of her membership in a particular social group, women in Guatemala, and because she is a Jehovah's Witness. She also argues she qualified for CAT relief.

The agency's fact findings are reviewed for substantial evidence and its legal conclusions de novo. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 785-96 (5th Cir. 2016); *see also Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). Under the substantial evidence standard, the BIA's determination will be upheld "unless the evidence is so compelling that no reasonable factfinder could fail to find otherwise." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

The BIA did not err in determining that Miranda Fuentes's proposed particular social group, women in Guatemala, is not cognizable because it lacks particularity and social visibility. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012); *see also Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019). This determination is dispositive of Miranda Fuentes's applications for asylum and withholding of removal to the extent that they relate to her claims of past persecution and fear of persecution on account of her membership in a particular social group. *See Orellana-Monson*, 685 F.3d at 518, 522.

Also, substantial evidence supports the BIA's determination that Miranda Fuentes failed to show past persecution on account of her religion. *See Tesfamichael*, 469 F.3d at 113. In her asylum application, Miranda Fuentes complained of isolated threats that are not sufficient to establish that she was persecuted on account of her religion. *See Eduard v. Ashcroft*, 379 F.3d 182, 187-88 & n.4 (5th Cir. 2004); *see also Tesfamichael*, 469 F.3d at 116. Moreover, the record reflects that the efforts by a gang member to extort

No. 19-60853

Miranda Fuentes were centrally motivated by private criminality. *See, e.g.*, *Morales v. Sessions*, 860 F.3d 812, 815 (5th Cir. 2017).

Miranda Fuentes's fear of future persecution was based on the threats and extortion she previously experienced. Because those incidents did not constitute persecution, she has not shown that the record compels the conclusion that the BIA erred in determining that she lacks a reasonable, well-founded fear of future persecution on account of her religion. *See Tesfamichael*, 469 F.3d at 116. Because Miranda Fuentes has failed to satisfy the standard for asylum, she necessarily has failed to meet the higher standard for withholding of removal. *See Orellana-Monson*, 685 F.3d at 522.

The BIA found no legal or factual error in the IJ's finding that Miranda Fuentes had not shown that she has been tortured or that it is more likely than not that she will be tortured at the instigation of or with the acquiescence of a public official if she returns to Guatemala, and therefore, that she did not qualify for relief under the CAT. In arguing that the BIA erred, Miranda Fuentes relies on a 2016 human rights report on Guatemala, as well as her testimony regarding conditions there. However, Miranda Fuentes fails to show that the evidence compels the conclusion that it is more likely than not that she would be tortured if removed to Guatemala. *See Zhang*, 432 F.3d at 344-45.

PETITION DENIED.