# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 19, 2013

Lyle W. Cayce
Clerk

No. 12-60502
Summary Calendar

JORGE GEOVANNY MEDINA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 251 136

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jorge Geovanny Medina, a native and citizen of Honduras, was found removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled substance offense, and under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. He applied for withholding of removal and for protection from removal under the Convention Against Torture (CAT). Medina petitions for review of the Board of Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order denying his applications for relief from removal.

Pursuant to 8 U.S.C. § 1252(a)(2)(C), this court lacks jurisdiction to review Medina's claims for withholding of removal and CAT protection. The jurisdictional bar of § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" including controlled substance offenses under § 1182(a)(2). Section 1182(a)(2)(A)(i)(II) provides that an alien who commits "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)" is inadmissible." An exception, however, mandates this court retain jurisdiction for review of "constitutional claims or questions of law" raised in a petition for review filed in an appropriate court of appeals. 8 U.S.C. § 1252(a)(2)(D); *see Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). "We do, of course, also have jurisdiction to determine our own jurisdiction." *Marquez–Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006).

That an alien is not eligible for withholding of removal or relief under the CAT are findings of fact reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). Medina contends he has shown entitlement to withholding of removal and protection under the CAT because he is in danger of future persecution and torture by criminal gangs in Honduras if removed there. His contentions constitute a disagreement with the factual determinations of the IJ and BIA. His petition does not raise any constitutional claims or questions of law. Accordingly, we lack jurisdiction to review the final order of removal. *See Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir. 2004). DISMISSED.