# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60730
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

JOEL HERNANDEZ-DE LA CRUZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Joel Hernandez-De La Cruz, a native and citizen of Mexico, petitions for review of the denial of his applications for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act and protection under the Convention Against Torture. These applications were based on Petitioner's claims that he was kidnapped and assaulted by members of the Zetas, a Mexican criminal syndicate, who released him only after he agreed to pay $15,000—and that after he reported that incident to the police in defiance of the Zetas' instructions, corrupt police officers threatened and beat him. As explained below, we lack jurisdiction over many of Petitioner's challenges and find the remainder meritless.

No. 14-60730

I.

In considering a petition for review, we look only to the decision of the Board of Immigration Appeals (BIA), unless the decision of the Immigration Judge (IJ) "has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

II.

Petitioner argues that the BIA erred in denying him withholding of removal by rejecting his claim that, because of his reporting of the criminal activity of which he was a victim, he would be threatened with persecution in Mexico based on his "membership in a particular social group[] or political opinion." *See* 8 U.S.C. § 1231(b)(3)(A). We first clarify the scope of our jurisdiction. We have jurisdiction to review final orders of removal, including the reinstatement of a removal order. *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014). But "[j]udicial review of a final removal order is available only if the applicant has exhausted all administrative remedies as of right" by presenting each issue to the BIA. *Dale v. Holder*, 610 F.3d 294, 298 (5th Cir. 2010) (alteration in original) (quoting *Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 206 (5th Cir. 2007)). Regarding his purported "whistleblowing" activity, Petitioner argued to the IJ and BIA only that he was persecuted on account of his political opinion. Accordingly, to the extent he now argues that whistleblowers constitute a particular social group, we lack jurisdiction to review such a claim. *See id.* at 298–301.

Further, 8 U.S.C. § 1252(a)(2)(C) limits our jurisdiction to review final removal orders against aliens who are removable by reason of having committed certain criminal offenses, including those "involving moral

turpitude" under § 1182(a)(2)(A)(i)(I).  Petitioner does not dispute that he falls into this category.  We thus lack jurisdiction over the reinstatement of his removal order, except to the extent he raises legal or constitutional questions. *See* 8 U.S.C. § 1252(a)(2)(D).  Accordingly, we have no authority to consider Petitioner's arguments that the IJ and the BIA erroneously found that he was mistreated by people driven by economic motives—not Petitioner's political opinion as expressed through whistleblowing activity.  *See Medina v. Holder*, 544 F. App'x 301, 302 (5th Cir. 2013) (per curiam) (holding that § 1252(a)(2)(C) barred jurisdiction over claims that the BIA incorrectly concluded a petitioner was ineligible for withholding of removal); *Thuri v. Ashcroft*, 380 F.3d 788, 791 (5th Cir. 2004) (per curiam) (holding that whether an alien was persecuted on account of her political opinion was a question of fact).

In contrast, Petitioner's challenge to the determination that "former informants" do not constitute a "particular social group" is a legal question that we have jurisdiction to review.  *See Hongyok v. Gonzales*, 492 F.3d 547, 550 (5th Cir. 2007).  To establish that he was persecuted based on his membership in a particular group, Petitioner must show he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences.'"  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (quoting *Mwembie v. Gonzales*, 443 F.3d 405, 414–15 (5th Cir. 2006)).  We have agreed with the BIA's framework for determining whether a particular social group exists:

> (1) "whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society" and (2) "whether the group can be defined with sufficient *particularity* to delimit its membership."  Social visibility is determined by "the extent to which members of a society perceive those with the characteristic in question as members of a social

group."    Particularity is determined by "whether the proposed group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons."

*Id.* at 519–20 (citations omitted).[1]

In unpublished cases—which are persuasive authority, *id.* at 519—we have rejected similar proposed social groups.    *See Soriano-Dominguez v. Holder*, 354 F. App'x 886, 888 (5th Cir. 2009) ("Soriano-Dominguez has not established that 'non-criminal witnesses who have reported crimes' are readily identifiable or have immutable characteristics that they should not be asked to change."); *Calel-Chitic v. Holder*, 333 F. App'x 845, 847–48 (5th Cir. 2009) ("Petitioner has shown only that a gang of local criminals has threatened him because they do not want to be caught and convicted.    Petitioner has not shown that he is identifiable as a member of a determinable group of government witnesses who suffer persecution in Guatemala . . . .").    We have likewise held that an alien's refusal to pay bribes to local gangs did not make her a member of a protected social group.    *See Sorto-De Portillo v. Holder*, 358 F. App'x 606, 608 (5th Cir. 2010) (per curiam) ("Numerous other cases . . . have held that one's personal anti-gang values or antagonistic relationship with gangs does not amount to a common immutable characteristic establishing a particular social group.").    Similar logic leads us to reject Petitioner's proposed particular social group here.

Although a local journalist reported that Petitioner had been beaten, it does not follow that his proposed group of former informants has "social

---

[1] While adhering to its prior interpretations of "particular social group," the BIA recently renamed the first element of this test "social distinction" to "emphasize that literal or 'ocular' visibility is not required." *Matter of M-E-V-G-*, 26 I & N. Dec. 227, 228 (BIA 2014); *see Villalobos-Ramirez v. Lynch*, 608 F. App'x 261, 262 (5th Cir. 2015) (per curiam) (explaining that *Matter of M-E-V-G-* clarified but did not "depart[] from the principles established in its prior cases").

distinction" or would be perceived as a particular group, because—according to factual findings that we lack jurisdiction to reconsider—the members of Petitioner's proposed group are not substantially different from anyone else in the general population who resists the Zetas or otherwise threatens their interests.  Given this finding regarding the broad group of people who may be subjected to similar treatment from the Zetas, Petitioner's proposed particular social group is not sufficiently particular.  Thus, there is no indication that an incorrect legal standard was applied or that it was legally erroneous to conclude that former informants do not constitute a particular social group.

### III.

Finally, Petitioner challenges the rejection of his claim for protection under the Convention Against Torture.  We lack jurisdiction to consider Petitioner's arguments that, contrary to the factual findings below, he faces a probability of torture upon return to Mexico based on his reporting of his mistreatment and not economic reasons.  *See* 8 U.S.C. § 1252(a)(2)(C); *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012).  Likewise, we lack jurisdiction over his factual arguments regarding the reach and power of the Zetas in Mexico and his ability to safely relocate.  We do have jurisdiction to the extent Petitioner argues that the IJ and BIA applied the wrong legal standard in determining that he could not relocate to a part of Mexico where he is unlikely to be tortured, but that argument fails on its merits.  *See* 8 C.F.R. § 208.16(c)(2) & (c)(3)(ii) (placing the burden of proof on the applicant and directing consideration of "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured").

### IV.

In accordance with the foregoing, the petition for review is DISMISSED IN PART and DENIED IN PART.