**Roberto FLORES-ROMERO, Petitioner**

**v.**

**Jefferson B. SESSIONS, III,
U.S. Attorney General
Respondent**

**No. 16-60105
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed May 2, 2017

Donglai Yang, Law Office of Donglai Yang, New Orleans, LA, for Petitioner

Brooke Marie Maurer, Trial Attorney, U.S. Department of Justice, Civil Division/OIL, Sharon Michele Clay, Esq., Trial Attorney, Office of Immigration Litigation, Andrew Jacob Oliveira, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Roberto Flores-Romero, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Flores-Romero has abandoned any challenge to the denial of asylum and protection under the CAT by failing to address these issues in his brief. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir. 2003).

With respect to the denial of withholding of removal, Flores-Romero argues that the IJ and the BIA erred in determining that he had not established his membership in a particular social group. He contends that he was recognized as the witness of a crime involving gang members engaging in illegal activities at a school, which he reported to law enforcement authorities. He asserts that he therefore became socially visible to the gang and that he is now a target for gang retaliation. He further asserts that he is susceptible to threats on account of being a witness to criminal gang activity. In view of the foregoing, Flores-Romero argues that he established persecution as a result of his membership in a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

particular social group, which consists of Mexicans who fear for their lives because they reported criminal activity to local authorities.

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted). Questions of law are reviewed de novo, but we afford *Chevron*[1] deference and give "controlling weight" to the BIA's interpretations of ambiguous immigration statutes "unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* (internal quotation marks and citations omitted). Findings of fact are reviewed under the substantial evidence standard, "which requires that the decision of the BIA be based on the evidence presented and that the decision be substantially reasonable." *Id.* at 517-18. Under this standard, "[t]he petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* at 518 (quotation marks omitted).

To establish membership in a particular social group, an applicant must show that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Id.* (internal quotation marks and citations omitted). A particular social group is one that has "social visibility," meaning that "members of a society perceive those with the characteristic in question as members of a social group," and "particularity," meaning that the group "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in

question, as a discrete class of persons." *Id.* at 519 (internal quotation marks and citations omitted). The BIA has renamed the "social visibility" requirement as "social distinction" and clarified its definition to "emphasize that literal or 'ocular' visibility is not required." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 228 (BIA 2014).

As shown by *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016), and cases cited therein, we have consistently rejected proposed social groups similar to that proposed by Flores-Romero. He has not shown error in the agency's determination that his proposed social group does not satisfy the social distinction or social visibility requirement. *See Orellana-Monson*, 685 F.3d at 518-19; *Matter of M-E-V-G-*, 26 I. & N. Dec. at 228. Accordingly, Flores-Romero's petition for review is DENIED.

---

1. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).