# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60381
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

VERONICA YAMILETH ZAMORA-DE GUEVARA; GISSEL NATALIE GUEVARA-ZAMORA; ASHLY MELANY GUEVARA-ZAMORA; HELIO GUEVARA-CASTILLO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 748 245
BIA No. A208 748 246
BIA No. A208 752 742
BIA No. A208 752 743

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

On behalf of herself, her husband, and her two daughters—all natives and citizens of El Salvador—Veronica Yamileth Zamora-De Guevara petitions this court for review of the Board of Immigration Appeals' (BIA) order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60381

affirming the denial of asylum, withholding of removal, and protection under Convention Against Torture (CAT).  We deny the petition.

We find no error in the denial of asylum.  *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  To the extent Zamora-De Guevara asserts a fear of future persecution in El Salvador, she fails to show that her "race, religion, nationality, membership in a particular social group, or political opinion [will be] . . . at least one central reason for persecuting [her]."  8 U.S.C. § 1158(b)(1)(B)(i).  Although she claims to belong to a social group consisting of Salvadoran police informants, we have previously declined to find that "former informants . . . constitute a particular social group."  *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016).  And we are unpersuaded by her contention that *Hernandez-De La Cruz* does not apply to the circumstances of this case.  Furthermore, because her husband's and daughters' claimed social group is merely derivative of her own, there was no error in denying asylum as to them either.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012).

Because Zamora-De Guevara fails to establish her or her family's eligibility for asylum, the BIA did not err in denying her request for relief under the more stringent withholding-of-removal standard.  *See Lopez-Gomez*, 263 F.3d at 444; *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).  Lastly, there was no error in the denial of protection under the CAT because Zamora-De Guevara's assertion that she and her family will be tortured if they return to El Salvador is merely conclusory.  *See Lopez-Gomez*, 263 F.3d at 444; *Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007).

PETITION FOR REVIEW DENIED.