# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 18-60843
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2019

Lyle W. Cayce
Clerk

ELVIA RUIZ ORTIZ, also known as Elvia Ruiz;
JAIME SILVESTRE BARRON RUIZ; LORENA GISELLE BARRON RUIZ;
ELVIA GUADALUPE BARRON RUIZ,

Petitioners,

versus

WILLIAM P. BARR, U.S. Attorney General,

Respondent.

————————

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 205 639 522
No. A 205 639 523
No. A 205 639 524
No. A 205 639 525

————————

No. 18-60843

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Elvia Ruiz Ortiz, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the order of removal issued by the immigration judge ("IJ").[1] Ruiz Ortiz contends that the Immigration Court ("IC") lacked subject matter jurisdiction over the removal proceedings because the Notice to Appear ("NTA") was not compliant with the applicable regulations and was not served simultaneously on her when it was filed with the IC. Further, Ruiz Ortiz contends that the NTA contained a false representation concerning the information provided to her, which rendered the IJ's removal order invalid.

The determination that an alien is not eligible for asylum is a factual determination reviewed under the substantial-evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "reversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

Ruiz Ortiz's theory that the omission in her NTA of the time and date of her removal hearing rendered the NTA invalid and deprived the IC of jurisdiction in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is without merit. This court determined that *Pereira* addressed only the "narrow question"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Ruiz Ortiz is the lead petitioner; the remaining petitioners, her three minor children, are derivative beneficiaries on her application.

whether a NTA "that omits the time or place of the initial hearing triggers the statutory stop-time rule for cancellation of removal." We declined to extend the rule in *Pereira* beyond the stop-time rule to removal proceedings under 8 U.S.C. § 1229. *Pierre-Paul v. Barr*, 930 F.3d 684, 688−89 (5th Cir. 2019). Additionally, Ruiz Ortiz's acknowledgement, at her removal hearing, that she had received service of the NTA, stating the time and place of the hearing, and her concession that she was subject to removal waived any challenge that she may have had to the IC's jurisdiction over the removal proceedings. *See id.* at 693 n.6.

To demonstrate that she was entitled to asylum, Ruiz Ortiz had to show (1) "either past persecution or a reasonable, well-founded fear of future perse-cution" (2) "on account of" (3) one of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A), including, as relevant here, membership in a particular social group ("PSG"). *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014); *see* 8 U.S.C. § 1158(b)(1). A PSG is "a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016) (internal quotation marks and citations omitted). Ruiz Ortiz must also establish that membership in a PSG "was or will be at least one central reason for persecuting the applicant." § 1158(b)(1)(B)(i); *see Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016).

The IJ did not determine whether Ruiz Ortiz's claim that she was a mem-ber of a PSG based on her relationship with her husband was valid. The IJ was required to conduct "a fact-based inquiry made on a case-by-case basis" to decide whether Ruiz Ortiz "establish[ed] that [her] specific family group is defined with sufficient particularity and is socially distinct in society." *Pena-*

No. 18-60843

*Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019) (citing *Matter of L-E-A-,* 27 I. & N. Dec. 581, 586 (U.S. Att'y Gen. 2019)). "In the ordinary case, a family group will not meet that standard, because it will not have the kind of identifying characteristics that render the family socially distinct within the society in question." *Id.* (quoting *Matter of L-E-A-,* 27 I. & N. Dec. at 586).

Because the IJ erred in addressing the nexus issue without conducting this analysis, the BIA could not have properly reviewed the claim. *Id.* Further, if there is an agency determination that Ruiz Ortiz demonstrated that she is a member of a PSG, the IJ should reconsider the issue of nexus to consider whether Ortiz was targeted for persecution for reasons different from the persecutor's motives for targeting her husband. *Id.*

Last, if the IJ denies Ruiz Ortiz's claim based on a finding that the government was and is willing and able to protect Ortiz and her children from her persecutors, the BIA should consider the apparent inconsistency of the IJ's reliance on the records submitted by Ortiz to make that determination while refusing to consider that same evidence as corroborating evidence to support Ortiz's claim.

The petition for review is GRANTED, the order of removal is VACATED, and the case is REMANDED to the BIA. We express no view on what decisions the BIA should make on remand.