# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2021

Lyle W. Cayce
Clerk

No. 19-60747
Summary Calendar

JUAN RICARDO FLORES,

*Petitioner,*

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 684 863

---

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges.*

PER CURIAM:*

Juan Ricardo Flores, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for withholding of removal and relief under the Convention Against Torture (CAT) and denying his request to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

remand the proceeding so that he could propose additional particular social groups. Because Flores does not challenge the BIA's determinations that he waived his right to apply for asylum and that he was provided an opportunity to present evidence in support of his application, he has abandoned these claims. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Substantial evidence supports the BIA's determination that Flores was not entitled to withholding of removal. An applicant is entitled to withholding of removal if he shows that it is more likely than not that he will be persecuted on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "A particular social group must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019). Because Flores failed to offer any evidence that his immediate family is perceived as a distinct group within Mexican society, the BIA did not err in determining that his proposed social group was not cognizable. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016).

Substantial evidence supports the BIA's determination that Flores was not entitled to protection under the CAT because he failed to offer any evidence that public officials have participated in, consented to, or willfully ignored gang violence. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015).

No. 19-60747

We review the denial of a remand for an abuse of discretion. *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

The BIA did not abuse its discretion in denying Flores's request for a remand. Flores argues that the BIA abused its discretion in denying his request for a remand because his pro se status prevented him from understanding the legal requirements for defining a particular social group. Specifically, he asserts that with the assistance of counsel he would have also claimed membership in the particular social groups consisting of "family members of police officers," "family members of victims murdered by cartels," and "family members of Jamie Flores." However, because Flores failed to identify any additional evidence that he would present on remand and because his testimony merely showed that his family was subjected to general criminal activity, he is unable to demonstrate any connection between his additionally proposed groups and any feared harm.

Based upon the foregoing, the petition for review is DENIED.