# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2021

Lyle W. Cayce
Clerk

No. 20-61078
Summary Calendar

Israel Geronimo Puac Puac,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 221 868

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Israel Geronimo Puac Puac, a native and citizen of Guatemala, petitions this court to review the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying his application for withholding of removal and relief under the Convention

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61078

Against Torture (CAT). Puac Puac contends that the BIA erred in its conclusion that his proposed particular social groups (PSGs)—Guatemalans who have lived in the United States, imputed American citizens, and police witnesses—were not legally cognizable. He also argues that the BIA erred in its conclusion that he was not eligible for relief under the CAT, urging that he would be tortured by gang members if he returned to Guatemala and that the Guatemalan government would acquiesce in his torture.

We review factual findings under the substantial evidence standard and legal questions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Under the substantial evidence standard, we may not reverse the BIA's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Among the factual findings that we review for substantial evidence is the conclusion that an alien is not eligible for withholding of removal and for relief under the CAT. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Puac Puac asserts that he would likely be persecuted in Guatemala on account of his membership in the proposed PSGs of (1) Guatemalans who have lived in the United States, and (2) imputed American citizens, because people would perceive him as wealthy. But substantial evidence supports the BIA's decision that Puac Puac did not establish that these two proposed PSGs are particular or socially visible groups; these proposed PSGs are exceedingly broad, encompass a diverse cross section of society, and lack the required social visibility. *See Orellana-Monson*, 685 F.3d at 521-22. Puac Puac has proffered a third proposed PSG—police witnesses—but this court has declined to recognize such a PSG in similar cases, and Puac Puac has not offered any compelling grounds to distinguish those matters. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016).

No. 20-61078

Substantial evidence also supports the BIA's decision that Puac Puac failed to show that it was "more likely than not that he will be tortured if he is removed to his home country." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Puac Puac contends that he will be tortured with the government's acquiescence if returned to Guatemala. But Puac Puac's own testimony indicated that on the sole occasion he reported gang violence against him, the police took a report and later arrested one of the perpetrators. Puac Puac has thus failed to establish that he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017) (internal quotation marks and citation omitted). A government's mere inability to provide its citizens with complete protection from criminals does not amount to acquiescence. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019).

Accordingly, the petition for review is DENIED.