# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2022

Lyle W. Cayce
Clerk

No. 20-60682
Summary Calendar

Laurin Steffany Gamez-Padilla; Jose Santos Ramos-Gamez; Cinthya Yamileth Ramos-Castillo; Gabriela Alejandra Ramos-Ramos; Deysi Leonora Padilla-Soler; Jose Santos Ramos Maldonado,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 429 889
BIA No. A206 429 890
BIA No. A206 429 891
BIA No. A206 429 892
BIA No. A206 694 277
BIA No. A206 694 278

No. 20-60682

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Jose Santos Ramos Maldonado (the lead respondent), his wife Deysi Leonora Padilla-Soler, his adult children, Cinthya Yamileth Ramos-Castillo and Laurin Steffany Gamez-Padilla, and his grandchildren, Jose Santos Ramos-Gamez and Gabriela Alejandro Ramos-Ramos, are natives and citizens of Honduras. They seek review of a Board of Immigration Appeals (BIA) decision dismissing their appeal from the immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

As an initial matter, the petitioners do not brief any argument challenging the BIA's finding that Ramos Maldonado was not persecuted due to his political opinion. Nor do they challenge the BIA's determination that Gamez-Padilla and Ramos-Castillo did not have a reasonable fear of persecution on account of their membership in the family of Ramos Maldonado. Accordingly, they have waived those issues. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *see also* Fed. R. App. P. 28(a)(8)(A).

Findings of fact, including the denial of asylum, withholding of removal, and CAT protection, are reviewed under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This court may not reverse factual findings unless the evidence "compels" reversal— i.e., the evidence must be "so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60682

Here, Ramos Maldonado sought asylum and withholding of removal based on his membership in the particular social group of "members of the board of the community organization Colonia Monte De Sinai." To be a member of a particular social group, an applicant must establish that the group is "(1) composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question." *Matter of M-E-V-G-,* 26 I. & N. Dec. 227, 237 (BIA 2014). A common immutable characteristic must be a characteristic that cannot be changed or should not be required to change because it is fundamental to the applicant's identity or conscience. *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016). Substantial evidence supports the BIA's determination that Ramos Maldonado failed to establish that the organization's board members share an immutable characteristic. *See id.*; *see also Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006). Accordingly, Ramos Maldonado failed to establish that his proposed particular social group is cognizable, and this portion of the petition for review is denied. *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Substantial evidence also supports the BIA's decision to deny relief under the CAT because the family failed to show acquiescence or willful blindness in any torture by a government official. *See Hakim v. Holder*, 628 F.3d 151, 155-56 (5th Cir. 2010). The record indicates that arrests were made in response to the shooting of Ramos Maldonado. "Neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for purposes of the [CAT]." *Tamara-Gomez v. Gonzale*s, 447 F.3d 343, 351 (5th Cir. 2006).

The petition for review is DENIED.