# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60403
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

YESSICA CAROLINA GARCIA-MANZANARES; JORGE MANUEL
PINEL-GARCIA; KENDRA CAROLINA AGUILAR-GARCIA;
KENNETH FABRICIO PINEL-GARCIA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

—————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 241 496,
A209 241 497, A209 241 498,
A209 241 499

—————————————————————————

Before BARKSDALE, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Yessica Carolina Garcia-Manzanares, native and citizen of Honduras,
petitions for review of the Board of Immigration Appeals' (BIA) dismissing

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

her appeal from the Immigration Judge's (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  (Although Garcia filed separate applications for herself and each of her children, she described the children as riders on her application, and the BIA treated them as such.  Accordingly, her petition is on behalf of herself and her children.)

The BIA "affirm[ed] the [IJ's] decision for the reasons set forth by the [IJ]", as well as providing additional reasons for denying relief.  In considering the BIA's decision (and the IJ's, to the extent, as in this instance, it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence.  *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).  Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion".  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Substantial evidence supports the BIA's reasonable determination that Garcia was targeted for extortion for economic gain based on her perceived wealth, not based on her proposed particular social groups (PSG).  *E.g.*, *Gonzalez-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (explaining membership in PSG must be "at least one central reason for persecuting the applicant" (citation omitted)).  And the BIA did not err in continuing to conclude that people who resist gang recruitment do not constitute a PSG.  *E.g.*, *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016) (approving unpublished decision holding alien's refusal to pay bribes did not make her member of PSG because one's anti-gang values or antagonistic relationship with gangs does not amount to a common immutable characteristic).

Further, as Garcia acknowledges, her contention that the nexus standard is lower for a withholding claim is foreclosed in this circuit. *E.g.*, *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022) ("Despite [petitioner]'s argument that withholding of removal involves a 'less demanding' and 'more relaxed' standard than asylum for meeting the nexus requirement, this court has held that applicants for withholding of removal must similarly show that a protected ground, including membership in a [PSG], was or will be at least one central reason for persecuting the applicant." (citation omitted)). Accordingly, the BIA did not err in rejecting the asylum and withholding claims. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) ("Since [petitioner] does not meet the bar for asylum, he also does not meet the standard for withholding of deportation.").

Finally, because Garcia fails to show she faced a likelihood of torture in Honduras that would be inflicted with the consent or acquiescence of a public official, she fails to make the requisite showing for CAT protection. *See Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017) ("[R]elief under the CAT requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture". (citation omitted) (alteration omitted); *see also Martinez-Lopez v. Barr*, 943 F.3d 766, 772–73 (5th Cir. 2019) (substantial evidence supported finding no government acquiescence where "the record contains reports of some Honduran authorities working with gangs, [but] those same reports indicate that the Honduran government is working to combat both corruption and gang violence").

DENIED.