# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60530
Summary Calendar

————————

Yessenia Beatriz Ayala-Soriano,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 218 708

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Yessenia Beatriz Ayala-Soriano, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA)

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

upholding the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Ayala-Soriano sought asylum and withholding of removal based on her political opinion and membership in a particular social group (PSG). She proposed two PSGs: (1) Pentecostal Salvadoran women who oppose or resist the authority of the MS-13 and (2) Salvadoran women who report gang-related crimes to law enforcement. Substantial evidence supports the BIA's determination that neither is cognizable due to the lack of social distinction. The record does not compel the conclusion that the members of the proposed PSGs are perceived substantially differently from the general Salvadoran population who resist the MS-13 gang or otherwise threaten the gang's interests. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016); *Orellana-Monson*, 685 F.3d at 522.

Additionally, Ayala-Soriano has waived the claims relating to her political opinion because her opening brief did not contain any argument contesting the issue of political opinion. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012). On the other hand, she argues, for the first time here, that she demonstrated persecution on account of her religious views. The record reflects that she did not make a claim of asylum or withholding of removal based on religion. She also did not raise religion as one of her protected grounds in the BIA, and the BIA did not address any such claim.

Thus, her argument is unexhausted, and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Hernandez-De La Cruz*, 819 F.3d at 786.

Because Ayala-Soriano has not succeeded regarding her alleged protected grounds, we do not reach her argument that withholding of removal has a less demanding nexus standard than asylum. Her failure to establish eligibility for asylum, as discussed above, necessarily means that she also cannot meet the requirements for withholding of removal. *See Orellana-Monson*, 685 F.3d at 518.

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, it is more likely than not that she would be tortured by, or with the acquiescence of, a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1); *see Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (internal quotation marks and citation omitted). As the BIA determined, the fact that the police lacked the means to protect Ayala-Soriano from the MS-13 gang did not amount to acquiescence. *See Gonzales-Veliz*, 938 F.3d at 225; *Martinez Manzanares*, 925 F.3d at 229. She has not shown that the evidence compels the conclusion that any potential torture would entail the requisite state action or acquiescence. *See Gonzales-Veliz*, 938 F.3d at 225; *Martinez Manzanares*, 925 F.3d at 229.

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in all other respects.