# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-60223
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2023

Lyle W. Cayce
Clerk

Jaquelin Aracely Villanueva,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 687 408

———————————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jaquelin Aracely Villanueva, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Regarding asylum and withholding of removal, she claimed that she was

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

persecuted by her domestic partner on account of her membership in a particular social group (PSG), namely "Guatemalan wom[e]n who, because of social and economic positions in Guatemalan society, are disenfranchised to a degree that it makes it impossible for them to live independently from their abusive male family members and partners."

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "[t]he petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted).

To be cognizable, a PSG must be (1) comprised of persons who share an immutable characteristic, (2) particularly defined, and (3) socially distinct within the society at issue. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019). Substantial evidence supports the BIA's determination that Villanueva's proposed PSG lacked the requisite social distinction. She has not shown that the evidence compels the conclusion that members of her proposed PSG are perceived in Guatemalan society as a discrete social group. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016). She thus cannot demonstrate eligibility for asylum or withholding of removal. *See Orellana-Monson*, 685 F.3d at 522.

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, it is more likely than not that she would be tortured by, or with the acquiescence of, a public official or other

person acting in an official capacity. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). "[A] government's inability to protect its citizens does not amount to acquiescence." *Id.* at 229 (internal quotation marks and citation omitted). Villanueva has not shown that the evidence compels the conclusion that any potential torture would entail the requisite state action or acquiescence. *See id.*

The petition for review is DENIED.