# United States Court of Appeals for the Fifth Circuit

───────────────

No. 24-60092
Summary Calendar

───────────────

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2024

Lyle W. Cayce
Clerk

Patricia Yaquelin Amaya,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

────────────────────────────

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A206 689 425

────────────────────────────

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Patricia Amaya, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of the denial by an immigration judge ("I.J.") of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). She maintains that her proposed particular social group ("PSG") composed of "Honduran women who are unable to

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

leave their abusive relationship" is necessarily cognizable under *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), and that the BIA erred in not adhering to the holding in that case. She further contends that she presented expert evidence in support of her second proposed PSG, composed of "Honduran women in domestic partnerships with Honduran men who view them as property and second class citizens within Honduran society, . . . tending to show that Honduran society does perceive and recognize that there are women in relationships with men who view them as property and second-class citizens, rendering them distinct from society at large" and that the BIA failed to consider her country conditions evidence "on a case-by-case basis." Finally, Amaya acknowledges the Fifth Circuit authority cited by the I.J. "relating to the Government's inability to eradicate the threat or risk of torture by private actors as being insufficient to show acquiescence in torture," but she posits that her expert and country-conditions evidence establishes a clear probability that she would be tortured if returned to Honduras.

This court reviews the BIA's decision and considers the I.J.'s decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). The BIA's factual findings are reviewed under the substantial-evidence test, meaning that this court may not overturn them unless the evidence compels it. *Gonzalez-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Questions of law are reviewed *de novo*. *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

To be eligible for asylum, an applicant must show, among other things, that "race, religion, nationality, membership in a [PSG], or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *accord Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Withholding of removal requires a showing that the applicant more likely than not would be persecuted on account of one of those protected grounds. *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021). To

be cognizable, a PSG must be (1) composed of persons who share an immutable characteristic, (2) particularly defined, and (3) socially distinct within the society at issue. *Gonzalez-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786, 787 n.1 (5th Cir. 2016). The group must also "exist independently of the fact of persecution." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also Jaco*, 24 F.4th at 407.

In *Lopez-Perez v. Garland*, 35 F.4th 953, 957-58 (5th Cir. 2022), the petitioner similarly argued that the I.J. had erred under *Matter of A-R-C-G-* in finding that she had not established a nexus between her persecution and proposed PSGs. This court observed that the PSGs in *Jaco* were "nearly identical" to the PSGs proffered by Lopez-Perez and were therefore impermissibly circular under that decision. We declined to remand "[b]ecause the IJ [was] bound to follow the law of this circuit on remand, he would be forced to conclude that Lopez-Perez's social groups were not cognizable, thus ending the analysis." *Id.*

Amaya's proposed PSGs are not materially different from those addressed in *Lopez-Perez* and are impermissibly circular for the reasons set forth in that decision. Accordingly, the BIA did not err in finding that the proposed PSGs were not cognizable.

A claim for protection under the CAT differs from asylum and withholding-of-removal claims in that the "alleged mistreatment need not involve one of the five [protected] categories," and "proof of torture, not simply persecution, is required." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). A CAT applicant must show that "it is more likely than not that [s]he would be tortured" in the country of removal "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capa-

city." *Id.* at 344-45 (internal quotation marks and citations omitted). Where the alleged torturer is a private citizen rather than the government, acquiescence requires proof of willful blindness, i.e., that "an official [is] aware of the torture and take[s] no action to protect the victim." *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019). An agency determination that an alien is not entitled to CAT protection is a factual conclusion subject to the substantial-evidence standard of review. *Zhang*, 432 F.3d at 344.

As the BIA explained, a government's inability to curtail gang violence or eradicate crime, especially when because of a lack of resources, does not satisfy the acquiescence requirement. *See Tabora Gutierrez v. Garland*, 12 F.4th 496, 504–05 (5th Cir. 2021); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (concluding that "neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for [CAT] purposes"). Accordingly, Amaya has not shown that the evidence compels a finding that the Honduran government would acquiescence to her torture. *See Gonzalez-Veliz*, 938 F.3d at 224; *Zhang*, 432 F.3d at 344.

The petition for review is therefore DENIED.