# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60458
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2025

Lyle W. Cayce
Clerk

Deysi Zulema Jimenez-Nunez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 442 628

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Deysi Zulema Jimenez-Nunez is a native and citizen of Honduras. She petitions for review of the decision of the Board of Immigration Appeals (BIA), which upheld denial of asylum, withholding of removal, and protection under the Convention Against Torture.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60458

"In considering a petition for review, we look only to the decision of the [BIA] unless the decision of the Immigration Judge (IJ) 'has some impact on the BIA's decision.'" *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 785 (5th Cir. 2016) (quoting *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009)). When we review a BIA decision, we review any questions of law *de novo. See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). And we review the BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or Convention protection under the substantial-evidence standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

We start with Jimenez-Nunez's asylum and withholding of removal claims. She argues that she was persecuted by her ex-partner on account of her membership in a particular social group (PSG). She proposes two PSGs: "Honduran women" and "young women in Honduras viewed as property by men."

Jimenez-Nunez has not shown that the BIA erred in concluding that her proposed PSGs were not cognizable due to lack of particularity. Indeed, we have repeatedly found that similar proposed PSGs were overbroad or insufficiently particularized. *See, e.g.*, *Jaco v. Garland*, 24 F.4th 395, 403, 407 (5th Cir. 2021) (finding "Honduran women who are unable to leave their domestic relationships" is not cognizable as a PSG and "the group 'Honduran women' is even less particularized"); *Lopez-Perez v. Garland*, 35 F.4th 953, 958 (5th Cir. 2022) (finding that remand to the agency would be futile because the proposed PSG, "Salvadoran women who are viewed as property by virtue of their position in a domestic relationship," was not cognizable because it was impermissibly circular, in that it was defined by reference to the harm its members sought to flee); *Avila-Ortiz v. Garland*, No. 24-60175, 2024 WL 4512346, at *1 (5th Cir. Oct. 17, 2024) (unpublished) (finding "[t]he BIA did not reversibly err in determining" that "women and

girls with certain profiles or in specific circumstances," "women as property in Honduras," and "women in Honduras" were "overbroad" "proposed PSGs" and "did not satisfy the particularity requirement" (internal quotation marks omitted)). Jimenez-Nunez's contrary authority is not binding on our court. *See Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (B.I.A. 2014); *De Pena-Paniagua v. Barr*, 957 F.3d 88, 96 (1st Cir. 2020). Her failure to establish a cognizable PSG is dispositive of her claims of asylum and withholding of removal. *See Orellana-Monson*, 685 F.3d at 522.

Additionally, the BIA determined that Jimenez-Nunez waived any argument for protection under the Convention by failing to challenge the IJ's denial of that claim. In her appeal before this court, she contends that she met the standard for Convention protection, but she does not brief any argument challenging the BIA's waiver ruling. She has thus waived any such argument. *See Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023) (recognizing that petitioners waive arguments that they do not adequately brief).

For the foregoing reasons, we DENY Jimenez-Nunez's petition for review.