# United States Court of Appeals for the Fifth Circuit

————————

No. 25-60053
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2025

Lyle W. Cayce
Clerk

Milton Rolando Bonilla-Hernandez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 440 712

————————————————————

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Milton Rolando Bonilla-Hernandez, a native and citizen of Honduras, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming and adopting the opinion of an immigration judge (IJ) denying

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021). Questions of law are reviewed de novo. *Id.* The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To be eligible for asylum, an applicant must show, among other things, that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *accord Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Withholding of removal requires a showing that the applicant more likely than not would be persecuted on account of one of those protected grounds. *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021). To be cognizable, a particular social group (PSG) must be (1) comprised of persons who share an immutable characteristic, (2) particularly defined, and (3) socially distinct within the society at issue. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019).

Bonilla-Hernandez's proposed PSGs comprised of "persons perceived by a gang or other organized criminal group as contravening its rules or resisting its authority" and "informants, witnesses, and victims of crimes committed by gangs and other organized criminal groups, or by members of the security forces" are noncognizable. The two PSGs do not exist independently of the persecution that Bonilla-Hernandez claims to have experienced and to fear. *See Jaco*, 24 F.4th at 407. Furthermore, this court has previously held that PSGs comprised of persons who are targeted by gangs because they failed to acquiesce to their demands, reported them to

authorities, or opposed them in some other manner lack particularity and social distinction. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016); *Orellana-Monson*, 685 F.3d at 521–22. Regarding informants and witnesses, this court has rejected analogous PSGs. *See Hernandez-De La Cruz*, 819 F.3d at 785–87. Bonilla-Hernandez does not argue that he was or would be persecuted based on actual or imputed political opinion. Accordingly, he has forfeited our review of this issue. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022).

In sum, Bonilla-Hernandez fails to show that the BIA erred in finding that his proposed PSGs lacked social distinction and were thus noncognizable. *See Hernandez-De La Cruz*, 819 F.3d at 785–87. This finding is dispositive of his asylum and withholding claims. *See Orellana-Monson*, 685 F.3d at 521–22. Accordingly, we need not consider his remaining arguments as to these forms of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023).

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, he more likely than not will suffer torture that is inflicted or instigated by, or occurs with the consent or acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Thus, the applicant must show both that (1) he more likely than not would suffer torture and (2) sufficient state action would be involved in that torture. *Id.* "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz*, 938 F.3d at 225 (internal quotation marks and citation omitted).

Bonilla-Hernandez's counseled brief contains no discernible argument that he would be tortured by or with the acquiescence of a

No. 25-60053

governmental actor.  Given his failure to brief that argument, he cannot establish his eligibility for CAT relief.  *See Lopez-Perez*, 35 F.4th at 957 n.1.

The petition for review is DENIED.