# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce

Clerk

———————

No. 25-60321
Summary Calendar

———————

ELIDA DE LA PAZ GUTIERREZ; GLORIA ESTEFANNY MAJANO-GUTIERREZ,

*Petitioners*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A213 125 039,
A213 125 040

———————————————————————

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Elida De La Paz Gutierrez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60321

Torture (CAT).[1] Gutierrez claimed that she was and would be persecuted by her ex-partner based on her membership in a particular social group (PSG) comprised of women who could not leave an abusive relationship.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Questions of law are reviewed de novo. *Id.* The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Gutierrez has not shown that the BIA erred in concluding that her proposed PSGs were not cognizable. *See Jaco v. Garland*, 24 F.4th 395, 403, 407 (5th Cir. 2021); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016). Her failure to establish a cognizable PSG is dispositive of her claims of asylum and withholding of removal. *See Orellana-Monson*, 685 F.3d at 522.

Regarding CAT relief, Gutierrez essentially argues that the Salvadoran government is corrupt and unable to protect women from gender-based violence. However, "a government's inability to protect its citizens does not amount to acquiescence." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Thus, Gutierrez has not shown that the evidence compels a conclusion contrary to that of the IJ and BIA that she failed to establish her eligibility for CAT relief. *See Chen*, 470 F.3d at 1134.

The petition for review is DENIED.

---

[1] Gutierrez's minor daughter, Gloria Estefanny Majano-Gutierrez, also a native and citizen of El Salvador, is a derivative beneficiary of her asylum claim.