# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2022

Lyle W. Cayce
Clerk

No. 20-60822
Summary Calendar

---

Claudia Tomas-Perez; Yesica Selina Venturas-Tomas,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 463 830
BIA No. A208 463 831

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Claudia Tomas-Perez is a native and citizen of Guatemala. She applied for asylum and withholding of removal and included her minor daughter, Yesica Selina Venturas-Tomas, in her application. 8 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60822

§ 1158(b)(3). The Board of Immigration Appeals (BIA) dismissed Tomas-Perez's appeal from the denial of her application, and she now petitions for review of that decision.[1]

We review the decision of the BIA and will consider the Immigration Judge's decision only to the extent it influenced the BIA. *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 785 (5th Cir. 2016). Factual findings are reviewed for substantial evidence and legal conclusions de novo. *Id.* at 785-86. Under the substantial evidence standard, the BIA's determination will be upheld "unless the evidence is so compelling that no reasonable factfinder could fail to find otherwise." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

Tomas-Perez cannot show that she is unable or unwilling to return to her country because of persecution or a well-founded fear of persecution on account of membership in a particular social group defined as "single indigenous Guatemalan women." *See* 8 U.S.C. § 1101(a)(42)(A); *see* 8 U.S.C. § 1158(b)(1). Even assuming arguendo that the group she defined meets the requirements of a particular social group (a decision we need not make here), substantial evidence supports the BIA's decision that the demands for money and the attempted rapes she faced were motivated by private criminality, which does not constitute persecution on account of a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004); *see also Herrera Morales v. Sessions*, 860 F.3d 812, 815 (5th Cir. 2017).

Because Tomas-Perez failed to demonstrate her entitlement to asylum, she necessarily failed to satisfy the more stringent standard for

---

[1] The BIA concluded that IJ's ruling against her application under the Convention Against Torture was not properly appealed to the BIA and, therefore, was waived. Tomas-Perez does not challenge that determination and has therefore waived it on appeal.

No. 20-60822

withholding of removal.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).  Accordingly, Tomas-Perez's petition for review is DENIED.