# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2022

Lyle W. Cayce
Clerk

No. 21-60196
Summary Calendar

Madelin Johely Galo-Betancourt,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 165 548

---

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Madelin Johely Galo-Betancourt, a native and citizen of Honduras, has filed a petition for review of the Board of Immigration Appeals's ("BIA") decision dismissing her appeal from an order of the Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and protection

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under the Convention Against Torture ("CAT"). We generally review only the BIA's decision, except to the extent that the IJ's ruling influenced the BIA's decision. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Galo-Betancourt, who was never threatened or harmed by the Mara-18 gang, has failed to demonstrate that substantial evidence compels a conclusion contrary to that reached by the BIA on the issue of whether she suffered past persecution. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Also, she has abandoned any challenge the BIA's determination that "persons perceived by the gangs or other organized criminal groups as contravening its rules or resisting its authority" was not a cognizable particular social group ("PSG") by failing to brief the claim on appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In any event, an antagonistic relationship with gangs is not by itself a basis for establishing a PSG. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 (5th Cir. 2016). In addition, the record does not support her contention that she is entitled to protection on account of imputed anti-gang political opinion or family membership. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 269-70 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Accordingly, substantial evidence supports the BIA's decision affirming the IJ's denial of her claim for asylum. *See Zhang*, 432 F.3d at 344.

Because Galo-Betancourt has not demonstrated that she is entitled to asylum, she cannot satisfy the more demanding standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Her unexhausted CAT claim is dismissed for lack of jurisdiction. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

The petition is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.