# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 20-60887
Summary Calendar

Kevin David Hernandez-Marchante,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 998 631

Before Higginbotham, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kevin David Hernandez-Marchante, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by an immigration judge

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(IJ) of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). As a threshold matter, Hernandez-Marchante argues that based on recent case law, the IJ did not have jurisdiction and we should, thus, terminate these proceedings because his initial notice to appear (NTA) did not contain the date and place of his first immigration hearing.

In *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485 (2021), the United States Supreme Court concluded that an NTA sufficient to trigger the stop-time rule must have all of the requisite information in a single document. However, Hernandez-Marchante is not seeking cancellation of removal such that the time-stop rule is applicable. Accordingly, we decline to terminate for lack of jurisdiction.

On appeal, Hernandez-Marchante argues that he is entitled to relief based on a showing of past persecution and a fear of future persecution on account of his membership in a particular social group, namely witnesses to gang violence in El Salvador. He further argues that it is more likely than not that he would be tortured and that government officials would acquiesce in his torture if he were to return to El Salvador. Moreover, he argues that the IJ should have granted him discretionary humanitarian asylum based on his past persecution.

We generally have authority to review only the decision of the BIA, but we will consider the IJ's decision when it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Here, "although the BIA agreed with the IJ's analysis in certain respects, the BIA's decision does not rely on the IJ's decision, and thus our review is confined to the BIA's analysis and reasoning." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010). We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Zhu*, 493 F.3d at 594; *see* 8 U.S.C. § 1252(b)(4)(B).

Regardless of whether Hernandez-Marchante demonstrated persecution, he has not established that any persecution he suffered was on account of his membership in a particular social group because his proposed group, witnesses of gang violence in El Salvador, is too amorphous to be defined with any particularity. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016) (stating that former informants do not constitute a cognizable particular social group). Moreover, Hernandez-Marchante cannot establish that the central reason for his harassment by gang members was because he witnessed a shooting, especially where he testified that gang members repeatedly harassed him solely because he refused to join the gang. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 228-29 (5th Cir. 2019). Mere criminality is not a basis for asylum. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004); *Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004).

Because Hernandez-Marchante was not entitled to asylum, he necessarily cannot establish that he was entitled to withholding of removal, which requires a higher standard of proof. *See Chen v. Gonzales*, 470 F.3d 1131, 1135, 1138 (5th Cir. 2006). In addition, an alien seeking relief under the CAT must satisfy a rigorous standard because he must provide proof of torture and not merely persecution. *Id.* at 1139. The incidents and threats Hernandez-Marchante described did not rise to the level of torture. *See* 8 C.F.R. § 208.18(a)(1) (defining torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person… by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."); § 208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman[,] or degrading treatment or punishment that do not amount to torture."). Furthermore, Hernandez-Marchante cannot establish that any torture would involve "sufficient state action." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

No. 20-60887

We are precluded from reviewing Hernandez-Marchante's assertion that the IJ should have granted humanitarian asylum because he did not raise this specific argument before the BIA and, thus, failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Kane v. Holder*, 581 F.3d 231, 237 (5th Cir. 2009). The evidence does not compel a conclusion contrary to the BIA's determination that Hernandez-Marchante did not qualify for asylum, withholding of removal, or protection under the CAT. *See Chen*, 470 F.3d at 1134.

Accordingly, the petition for review is DENIED, in part, and DISMISSED, in part.