# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60448
Summary Calendar

———————

Evelin Beatriz Cisneros-Saravia; Roni Odir Cisneros; Nayely Stefany Cisneros; Karla Beatriz Cisneros,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 076 568, A209 076 569,
A209 076 570, A209 076 571

———————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Evelin Beatriz Cisneros-Saravia and her three children, Roni Odir Cisneros, Nayely Stefany Cisneros, and Karla Beatriz Cisneros, natives and citizens of El Salvador, seek review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal and affirming the decision of the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60448

Immigration Judge (IJ) denying them asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We review the BIA's legal conclusions de novo, but its factual findings for substantial evidence. *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016); *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006).  We review the decision of the BIA, considering the IJ's decision only to the extent it impacted that of the BIA. *Id.* at 785.

For purposes of review, the BIA presumed Cisneros-Saravia's credibility.  The agency nonetheless determined that the record demonstrated that the perpetrators' motive for their extortion demands was primarily criminal and financial in nature.  The BIA therefore concluded that she failed to show the nexus between the harm and a protected category as required for asylum.  Cisneros-Saravia's vague contentions, unsupported by citation to the record, that the gang targeted her because she might "be able to assist them" fail to compel a conclusion contrary to that of the BIA. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Chen*, 470 F.3d at 1134; *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002).  Because a nexus between the harm and a protected ground is an essential element of an asylum claim, Cisneros-Saravia's failure to show error in the BIA's nexus determination is fatal to her asylum claim. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).  We therefore do not consider her remaining arguments as to asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Cisneros-Saravia challenges the agency's denial of withholding of removal as well, arguing that withholding has a more relaxed nexus standard

---

[1] Because Cisneros-Saravia is the lead petitioner and her children are riders on her application and derivative beneficiaries of her asylum application, we refer only to Cisneros-Saravia.

than asylum. Under this court's precedent, however, Cisneros-Saravia's failure to meet the less stringent standard of proof required for asylum relief, renders her "necessarily also unable to establish an entitlement to withholding of removal." *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted); *see Vazquez-Guerra*, 7 F.4th at 271 (rejecting the argument that withholding has a "more relaxed standard" on the nexus issue).

As to CAT relief, Cisneros-Saravia had to "establish that it is more likely than not that [s]he . . . would be tortured if removed to the proposed country of removal." *Arulnanthy v. Garland*, 17 F.4th 586, 597 (quoting 8 C.F.R. § 1208.16(c)(2)) (5th Cir. 2021). We have defined torture as "'any act by which severe pain or suffering . . . is intentionally inflicted on a person' by or with the acquiescence of a public official for informational, punitive, coercive, or discriminatory purposes." *Arulnanthy*, 17 F.4th at 597 (quoting 8 C.F.R. § 1208.18(a)(1)). Substantial evidence supports the agency's conclusion that the single extortion demand, followed by no further demands or threats, was insufficient to demonstrate that it was more likely than not that Cisneros-Saravia would be tortured if returned to El Salvador. *See Arulnanthy*, 17 F.4th at 597; *Hernandez-De La Cruz*, 819 F.3d at 786. Cisneros-Saravia's unsupported and speculative contentions regarding emotional distress and the violence in El Salvador generally are insufficient to compel a conclusion to the contrary. *See Chen*, 470 F.3d at 1134. Her assertion, unsupported by record citation, that she submitted evidence of government corruption likewise fails to compel a conclusion of either state involvement or acquiescence. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019); *Ramirez-Mejia*, 794 F.3d at 494; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006).

The petition for review is DENIED.