# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2023

Lyle W. Cayce
Clerk

No. 22-60604
Summary Calendar

———————————

Patricia Elizabeth Argueta-Chavez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 343 040

———————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Patricia Elizabeth Argueta-Chavez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying her application for asylum and withholding of removal.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

In reviewing the BIA's decision, we consider the IJ's ruling only to the extent it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). For the two issues at hand, the BIA adopted the IJ's reasoning without separate analysis, rendering the IJ's opinion the final agency decision; therefore, we review the IJ's decision. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005). Factual determinations that an alien is ineligible for asylum and withholding are reviewed for substantial evidence. *Id.* at 344; *see also Jaco v. Garland*, 24 F.4th 395, 401–02 (5th Cir. 2021). Under that standard, the IJ's decision must stand unless the evidence compels a contrary conclusion. *Zhang*, 432 F.3d at 343–44.

One seeking asylum must show that officials are unable or unwilling to protect her from persecution on account of a protected ground, such as membership in a particular social group (PSG). *Ghotra v. Whitaker*, 912 F.3d 284, 288 (5th Cir. 2019). Under the BIA's framework, a PSG "must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question". *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *see also Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012) (reviewing determinations on these criteria for substantial evidence).

The IJ determined, and the BIA agreed, that Argueta's proposed PSG of "Salvadoran women who have helped authorities in the prosecution of crimes" was not cognizable. Specifically, it found: being an informant is not an immutable characteristic; the proposed PSG did not "clearly define the outside parameters" and therefore lacked particularity; and Argueta failed to offer evidence that the proposed PSG was perceived as a distinct group in El Salvador.

Argueta has not shown that the evidence compels a contrary result. Her proposed PSG lacks particularity because it is "exceedingly broad and

encompasses a diverse cross section of society". *Orellana-Monson*, 685 F.3d at 521. Additionally, as the IJ recognized, she presented no evidence that her "proposed group of former informants has 'social distinction' or would be perceived as a particular group". *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016).

Accordingly, she cannot show the IJ's findings are unsupported by substantial evidence; therefore, her asylum claim fails. *See id.* at 786–87 (rejecting similar proposed PSG of victims of criminal activity who had reported the activity to police). And, her failure to show eligibility for asylum precludes eligibility for withholding of removal. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

DENIED.