# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-60343
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2024

Lyle W. Cayce
Clerk

Napolion Adolfo Quijada-Jimenez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A202 072 014

———————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Napolion Adolfo Quijada-Jimenez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals upholding the denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture. We review the BIA's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60343

decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Barr*, 920 F.3d 255, 258-59 (5th Cir. 2019).

In applying for asylum and withholding of removal, Quijada-Jimenez claimed persecution by a gang on account of the protected ground of membership in a particular social group. The BIA did not err in determining that his proposed PSG of "Witnesses of crime in El Salvador who cooperate with law enforcement" lacked social distinction and therefore was not cognizable. Whether a proposed PSG is socially distinct is evaluated based on the perception of the society in question as a whole, rather than the perception of the alleged persecutor. *Garcia-Gonzalez v. Garland*, 76 F.4th 455, 462 (5th Cir. 2023). The evidence does not compel the conclusion that Quijada-Jimenez's proposed group is perceived by Salvadoran society substantially differently than the general population who resists the gang or otherwise threatens the gang's interests. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 787 (5th Cir. 2016).

As relevant to his other proposed PSG of "Current and/or formerly known Bus Drivers in El Salvador," the BIA determined that Quijada-Jimenez's fear of persecution in El Salvador was not objectively reasonable, given his testimony that he would not work as a bus driver in El Salvador again. Quijada-Jimenez's arguments about his risks of future persecution by the gang due to his status as a former bus driver fail to show that the evidence compels a conclusion contrary to the BIA's determination. *See Singh*, 920 F.3d at 259-60. The BIA did not err in upholding the denial of asylum and withholding of removal based on such a conclusion. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Singh*, 920 F.3d at 259.

To obtain protection under the Convention Against Torture, Quijada-Jimenez was required to show both that (1) he more likely than not would suffer torture in El Salvador and (2) sufficient state action would be involved

2

in that torture. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). We agree with the Government that Quijada-Jimenez's current argument on the issue of state involvement in torture was not exhausted before the BIA. *See* 8 U.S.C. § 1252(d)(1). Even if the exhaustion requirement were met, substantial evidence supports the BIA's determination that he failed to show the requisite state involvement in torture. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (determining that generalized content of articles and reports failed to show that sufficient state action would be involved in any torture of the applicant specifically); *Martinez Manzanares*, 925 F.3d at 229 (recognizing that the inability of a government to protect its citizens does not amount to acquiescence for purposes of the Convention Against Torture).

While Quijada-Jimenez also argues that the BIA failed to meaningfully consider his appeal, the BIA's decision reflects adequate reasoning and consideration of the relevant substantial evidence. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019). The issues decided by the BIA resolved Quijada-Jimenez's claims for asylum, withholding of removal, and protection under the Convention Against Torture, and the BIA was not required to address additional issues. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The petition for review is DENIED.