# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60573
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2024

Lyle W. Cayce
Clerk

Elmer Ivan Hernandez Figueroa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 076 593

———————————————————

Before Jolly, Jones, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Elver Ivan Hernandez Figueroa, a native and citizen of Honduras, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) adopting and affirming an immigration judge's (IJ) opinion denying his requests for withholding of removal and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Hernandez Figueroa has not adequately briefed and has therefore forfeited review of his claim that we should remand his case on the ground the IJ erred in applying the standard in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) because it was subsequently vacated by the Attorney General. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (stating that issues not briefed are abandoned); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (same). He also has failed to adequately brief the BIA's denial of protection under the CAT and forfeited review of that issue as well. *See Chambers*, 520 F.3d at 448 n.1; *Soadjede*, 324 F.3d at 833.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Here, the BIA affirmed and adopted the IJ's opinion. Accordingly, we review both decisions. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed for substantial evidence, and legal conclusions are reviewed de novo. *Id.* at 517. The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the petitioner establishes that the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006).

An applicant is entitled to withholding of removal if he shows a clear probability that he will be persecuted on account of his race, religion, nationality, membership in a particular social group (PSG), or political opinion. 8 U.S.C. § 1231(b)(3); *Bouchikhi v. Holder*, 676 F.3d 173, 181 (5th Cir. 2012). Persecution is not mere harassment or discrimination, and instead "is a specific term that 'does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.'" *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (quoting *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006)). Instead, "[persecution] has the quality

of a *sustained*, systematic effort to target an individual on the basis of a protected ground." *Gjetani*, 968 F.3d at 397. To be cognizable, a PSG must be (1) comprised of persons who share an immutable characteristic, (2) particularly defined, and (3) socially distinct within the society at issue. *See Gonzales-Veliz v. Barr*, 938 F.3d at 219, 229 (5th Cir. 2019).

In *Gjetani*, we held that two threats of violence without any physical harm and a single beating were not extreme enough to compel a finding of persecution. *See* 968 F.3d at 395-96, 398-99. Here, the one threat that the MS-13 gang directed at Hernandez Figueroa was conveyed to him by his father and did not result in any physical harm. It follows that the BIA did not err in finding that the threat directed at Hernandez Figueroa by the MS-13 gang did not rise to the level of persecution, and Hernandez Figueroa fails to establish that the BIA's determination was not supported by substantial evidence. *See Chen*, 470 F.3d at 1134.

Likewise, the BIA's finding that Hernandez Figueroa's proposed PSGs comprised of witnesses to gang and criminal activity and Honduran men who refused gang recruitment were not cognizable comports with this court's precedent. For example, in *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016), which was cited by the IJ, we concluded that group of "former informants" lacked sufficient particularity and social distinction to qualify as a PSG because it was not "substantially different from anyone else in the general population who resist[ed] [gangs] or otherwise threaten[ed] their interests." Hernandez Figueroa's proposed PSG of witnesses to gang crime and activity is not materially different from a PSG comprised of former informants. As for his proposed PSG of Honduran men who refused gang recruitment, we held in *Orellana-Monson*, 685 F.3d at 521-22, that a PSG comprised of "men who were recruited but refused to join Mara 18" lacked particularity and social distinction and was therefore noncognizable. In light of our precedent, Hernandez Figueroa fails to

establish that the evidence compels a conclusion contrary to that of the BIA. *See Chen*, 470 F.3d at 1134.

Finally, Hernandez Figueroa fails to show that the evidence compels the conclusion that his opposition to the gang and refusal to join its ranks is a form of political opinion that supports his claim for withholding of removal. In *Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023), we rejected the argument that anti-gang sentiment and support for the rule of law constitute political opinion under 8 U.S.C. § 1231(b)(3). Thus, the BIA's implicit rejection of this claim is supported by substantial evidence. *See Chen*, 470 F.3d at 1134.

The petition for review is DENIED.