# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2024

Lyle W. Cayce
Clerk

No. 24-60045
Summary Calendar

———————

Paola Eunice Mejia-De Marquez;
Edgardo Ezequiel Marquez-Mejia,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

———————————————————

Petition for Review of an Order of
the Board of Immigration Appeals
Agency Nos. A215 587 810,
A215 587 811

———————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges.*

Per Curiam:[*]

Paola Mejia-De Marquez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal of an order of an Immigration Judge ordering her removed and denying her application for asylum, withholding of removal, and protection

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60045

under the Convention Against Torture ("CAT").[1]   We review the denial of asylum, withholding, and CAT claims for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Per that standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion.  *Id.* (internal quotation marks and citation omitted).

Mejia-De Marquez has not met the standard.  She shows no error in the BIA's rejection of her proposed particular social group ("PSG") of "perceived witnesses in El Salvador," because that group lacks distinction.  *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 (5th Cir. 2016).  PSG membership is an essential element of Mejia-De Marquez's asylum and withholding claims. *See Jaco v. Garland*, 24 F.4th 395, 401, 406–07 (5th Cir. 2021); *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269, 271 (5th Cir. 2021).  Consequently, the lack of a cognizable PSG is fatal to her asylum and withholding claims, and we need not consider her remaining arguments concerning those forms of relief.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023).

Mejia-De Marquez also challenges the denial of her CAT claim.  That challenge fails because she has not shown that she more likely than not will be tortured with governmental acquiescence if repatriated.  *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

The petition for review is DENIED.

---

[1] The other petitioner is Mejia-De Marquez's minor child and is a derivative beneficiary on her asylum application.