# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60137
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2025

Lyle W. Cayce
Clerk

OLMAN DAVID ALVARENGA-IRAHETA,

*Petitioner,*

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent.*

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 223 104

————————————————————

Before ELROD, *Chief Judge*, and HIGGINSON and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Olman David Alvarenga-Iraheta, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and ordering him removed. We review

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60137

the denial of asylum, withholding, and CAT claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to the substantial evidence standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Zhang*, 432 F.3d at 344 (internal quotation marks and citation omitted). Alvarenga-Iraheta has not met this standard.

One who seeks asylum or withholding must show that officials are unable or unwilling to protect him from persecution "on account of" a protected ground, such as membership in a particular social group (PSG). *Jaco v. Garland*, 24 F.4th 395, 401, 406-07 (5th Cir. 2021). Because withholding "is a higher standard than asylum," one who fails to show eligibility for the latter likewise fails to show eligibility for the former. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Alvarenga-Iraheta shows no error in the BIA's rejection of his proposed PSGs for want of distinction and because they were grounded in the harm alleged. *See Jaco*, 24 F.4th at 407; *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016). Because Alvarenga-Iraheta shows no error in the BIA's rejection of his proposed PSGs, he likewise shows no error in connection with the rejection of his claims for asylum and withholding, and there is no need to consider his remaining arguments concerning these forms of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023).

One who seeks CAT relief must show that he more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). The BIA, adopting the view of the IJ, rejected the CAT claim because the risk of harm was speculation and that Alvarenga-Iraheta had not been harmed in El Salvador. *See Singh v. Sessions*, 880 F.3d 220 (5th Cir. 2018) (permitting review of IJ's decision when adopted by the BIA). Alvarenga-Iraheta cites nothing compelling a

No. 25-60137

contrary conclusion. *Compare Aguilar-Quintanilla v. McHenry*, 126 F.4th 1065, 1070-71 (5th Cir. 2025).

The petition for review is DENIED.