# United States Court of Appeals
# for the Fifth Circuit

No. 25-60385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2026

Lyle W. Cayce
Clerk

WENDY CANALES-ALVAREZ,

*Petitioner*

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 881 170

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Wendy Canales-Alvarez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Regarding asylum and withholding of removal, Canales-Alvarez claimed that she was and would be

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

persecuted by her ex-partner on account of her membership in a particular social group (PSG). She proposed three PSGs: (1) "Salvadoran women;" (2) "Salvadoran women unable to leave a domestic relationship;" and (3) "Salvadoran women seen as property."

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Questions of law are reviewed de novo. *Id.* The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Canales-Alvarez has not shown that the BIA erred in concluding that her proposed PSGs were not cognizable. *See Jaco v. Garland*, 24 F.4th 395, 403, 407 (5th Cir. 2021); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 (5th Cir. 2016). Her failure to establish a cognizable PSG is dispositive of her claims of asylum and withholding of removal. *See Orellana-Monson*, 685 F.3d at 522.

Regarding CAT relief, Canales-Alvarez's counseled brief contains no discernible argument that the BIA erred in finding that she failed to show that governmental authorities would acquiesce in her torture. *See Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005); *see also Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019). Accordingly, she has forfeited review of this dispositive issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (stating that issues that are not adequately briefed are forfeited); *see also Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) (explaining what a party's brief must contain to avoid forfeiture).

For the foregoing reasons, the petition for review is DENIED.